IN THE COURT OF CRIMINAL APPEALS

OF TEXAS

[ WR-83,951-01 & WR-83,951-02 ]

[ Tr.Ct.No.FR 59,876-A & Tr.Ct.No.FR 59,877-A ]

EX PARTE,

§

TAVARUS DEWAYNE CURB

§

§

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 12 2015

Abel Acosta, Clerk

---

APPLICANT'S OBJECTION TO THE 264 TH DISTRICT COURT OF
BELL COUNTY, TEXAS, ISSUING ORDERS, DESIGNATING ISSUES,
AND ENTERING A FINDING OF FACTS AND CONLUSIONS OF LAW.

---

To the Honorable Judges of the Court:

Pursuant to Art.11.07 § 3, applicant objects to the 264TH District Court of
Bell County, Texas, issuing orders, designating issues and entering findings of
fact and conclusions of law, in his applications presently before the Court in
the above writ numbers, both cases are interelated as well as the grounds for
relief therefore, applicant addresses them togather in this, his written objec-
tions.

### JURISDICTION

This Honorable Court has jurisdiction concerning all criminal matters and has
the power and authority to address this matter pursuant to art.4.04, art.11.07
and Article 5, § 5 of the Texas Constitution.

### ISSUE

The 264TH District Court of Bell County is not authorized to act under art.-
11.07 § 3, to issue orders, designate issues or enter a findings of facts and
conclusions of law **because it is not the convicting court.** The 27TH District
Court of Bell County is the convicting court which entered the judgment of the
conviction applicant wants relief from.

(1)

## FACTS MATERIAL TO THE ISSUE

(1)April 11,2007,applicant was convicted and sentenced in cause numbers 59,876-A and 59,877-A in the 27TH District Court of Bell County.See Reporters record attached to this motion as Exhibit-A.

(2)July 6,2015 the Bell County District Clerk's Office recieved and filed applicant's writ(s)of habeas corpus applications in both cause numbers,and instead of forwarding them to the 27TH District Court they were sent to the 264TH District Court,and the State erroneously stated in it's response that applicant was convicted in the 264TH District Court.

(3)The 264TH District Court has issued orders and designated issues to be resolved in both applications which were not properly before that court.See Exhibit(s)(B)and (C)attached to this motion.

## APPLICABLE LAW

Article 11.07 § 3 provides relevant part:

(b)An application for writ of habeas corpus filed after final conviction in a felony case,other than a case in which the death penalty is imposed,**must be filed with the clerk of the court in which the conviction being challenged was obtained,and the clerk shall assign the application to that court.**When the application is recieved by that court,a writ of habeas corpus,returnable to the Court of Criminal Appeals,shall issue by operation of law...

(c)...it **Shall be the duty of the convicting court** to decide whether there are controverted,previously unresolved facts material ot the legality of the applicant's confinement.

(d)If the **convicting court** decides that there are controverted,previously unresolved facts which are material to the legality of applicant's confinement ,it shall enter an order within 20 days of the expiration of the time allowed for the State to reply,designating issues of fact to be resolved...

## Statutory Interpretation

In Boykin V. State,818 S.W.2d 782,this court held that when attempting to discern collective legislative intent or purpose,Court of Criminal Appeals necessarily focuses on literal text of statute and attempts to discern fair and objective meaning at the time of enactment.at 785;Legislature is constitution-

(2)

ally entitled to expect that judiciary will faithfully follow specific text that was adopted.at 785 Id.See also Vernon's Ann.Texas Const.Art.2,§ 1.

## ANALYSIS

(b)Application for writ of habeas corpus filed after final felony conviction must be filed with the clerk of the court in which the conviction being challenged was obtained,and **the clerk shall assign the application to that court.**

In this case applicant was convicted in the 27TH District Court of Bell County.However,his applications were assigned to the 264TH District Court,a court in which he was not convicted.

(c)It **shall be the duty of convicting court** to decide whether there are controverted,previously unresolved facts material to the legality of applicant's confinement.

In this case the 264TH District Court has decided that there are controverted,previously unresolved facts material to the legality of applicant's confinement,however the 264TH District Court is not the convicting court. Therefore,it has no authority under this statute to act as it has thus far in deciding whether there were controverted,previously unresolved facts material to the legality of applicant's confinement in Cause No.(s) 59,876-A and 59,877-A.

(d)provides **that only convicting court may decide that there are controverted ,previously unresolved facts which are material to applicant's confinement,**and designate issues of fact to be resolved.Therefore,only the 27TH District Court may do so.However,the 264TH District Court has acted contrary to the Statute in this regard.

Applicant has filed this written objection to the 264TH District Court acting as it has in regards to his applications which he filed **seeking relief from judgments entered in the 27TH District Court.**Due to the fact the proceedings which have taken place are a nullity,due to the fact the 264TH District Court is not authorized by art.11.07 § 3(b),(c) or(d)to act as it has and **until the 27TH District Court(the convicting court)recieves his applications, a writ of habeas corpus,returnable to this court will not issue by operation of law.**See Art.11.07(b)

(3)

## FURTHER OBJECTIONS

Applicant further objects to his applications being considered by this court due to the fact:

Trial Counsel's affidavit is false and misleading and does not address all of applicant's claims of ineffective assistance of counsel.Counsel's affidavit does not address grounds 2,3,5,6,or 7 of applicant's ineffective assistance of counsel claims which are true and if found to be true would entitle him to relief,and is false for the following reasons:

According to counsel's affidavit he did not file a motion to suppress because it would have been a rejection of the State's offer and also according to his affidavit,he explained to me that in his opinion the trial judge would not grant a motion to suppress since Killeen police officers would testify that applicant gave them permission to search,and that applicant decided to not file the motion to suppress and entered into plea bargain.

**These statements provided by counsel are not true and are misleading.**

### PROOF

In applicant's application he clearly State's in ground one and two that he hired counsel only after counsel agreed to file the motion to suppress and take the case to trial,this was April 20,2011,90 days before he was indicted and therefore,filing the motion would not been a rejection of State's offer and applicant told counsel **his home was being searched prior to his arrival and upon his arrival he was immediately arrested,**Then in ground two applicant alleged had counsel conducted a factual and legal investigation to file the motion to suppress by questioning responding officers O'Campo and Steidly along with the alleged victim,he would have discovered police conducted a search of his residence shortly after arriving,applicant was not there and the home was unoccupied.Applicant told counsel this prior to hiring him,that's why counsel agreed to file the motion to suppress and take the case to trial, if not applicant would not have hired him.This being a fact counsel's affidavit is misleading/false his decision not to file the motion to suppress is as applicant has alleged – in his application,and that is...The alleged victim gave the police probable cause to search his home without a warrant because she gave them probable cause to believe that I had committed a crime and evidence of the crime would be found in my home.

(4)

The State has restructured applicant's grounds for relief and has knowingly and intentionally refused to acknowledge applicant's third ground for relief which is an ineffective assistance of counsel claim.

State has restructured applicant's ground three to allege:

His indictment is based on an invalid complaint

This is not true applicant's ground three reads as follows:

Applicant plead guilty to indictment based off invalid complaint due to counsels failure to conduct a legal investigation and file a motion to quash complaint before indictment was returned.

The facts as stated under this ground in both applications applicant adopts here,and request the Court to take judicial notice of the ground for relief under this ground three and the facts therein which clearly states an ineffective assistance of counsel claim the State has refused to acknowledge.

### objection

Applicant objects to the State denying him a full and fair hearing to develope the facts in his application,by not only failing to ensure the convicting court entertained his writ application,and use of Counsel's false affidavit to resolve his applications allegations of ineffective assistance of counsel,but also to the failure of the State to recognize and address all of applicant's grounds for relief as alleged in his application.

**There still are controverted unresolved facts concerning counsel's representation based on applicant's ineffective assistance of counsel claims,which are true and if proven to be true entitle applicant to relief,**and they are the facts alleged in grounds One,two,three,five,six,and seven.

### REQUEST

WHEREFORE based on the above,applicant request this Court issue an order directing the 264TH District Court to transfer applicant's applications referred to herein to the 27TH District Court in which he was convicted,and allow the convicting court which is the proper court to entertain his applications for writ of habeas corpus,and that no finding or ruling be made without all of applicant's grounds for relief being addressed.

(5)

## INMATE DECLERATION

I <u>Tavarus Dewayne Curb</u>, declare under the penalty of perjury that the statements and allegations herein are true and correct.

Executed on this the <u>5th</u> day of <u>October</u> 2015.

_____
Signature

Respectfully Submitted by:

_____
Tavarus D. Curb #1429197
Hughes Unit, Rt.2 Box 4400
Gatesville, Texas 76597

EXHIBIT − A

REPORTERS RECORD

# REPORTER'S RECORD

## VOLUME 1 OF 1

### TRIAL NO. 59,876; 59,877

| | | |
|---|---|---|
| THE STATE OF TEXAS | ) | IN THE DISTRICT COURT |
| | ) | |
| VS. | ) | OF BELL COUNTY, TEXAS |
| | ) | |
| TAVARUS DEWAYNE CURB | ) | 27TH JUDICIAL DISTRICT |

## PLEA OF GUILTY AND SENTENCE

On the 11TH of APRIL, 2007, the following proceedings came on to be heard in the above-entitled and numbered cause before the Honorable Joe Carroll, judge presiding, held in Belton, Bell County, Texas:

Proceedings reported by Computerized Machine Shorthand Method.

*GAYLA R. MAY, CSR, RPR*
*27TH JUDICIAL COURT OFFICIAL REPORTER*
*P. O. BOX 747*
*BELTON, TEXAS 76513*
*(254) 933-5270*
*FAX (254) 933-5977*

COPY

**\* \* \* A P P E A R A N C E S \* \* \***

FOR THE STATE:

DISTRICT ATTORNEY'S OFFICE
BY:  Mrs. Leslie McWilliams
Assistant District Attorney
SBOT No. 19857270
P. O. Box 540
Belton, TX 76513
(254) 933-5215


FOR THE DEFENDANT:

LAW OFFICE OF HOLLIS C. LEWIS, JR.
BY:  Mr. Hollis C. Lewis, Jr.
SBOT No. 12312200
202 West 6th Street
Cameron, TX  76520
(254) 697-3132

# I-N-D-E-X

## PLEA OF GUILTY AND SENTENCE

April 11, 2007 --                           PAGE

Announcements --------------------------------- 4

Competency of Defendant ------------------------ 5

Charges and Punishment Ranges ----------------- 6

Waiver of Rights ------------------------------ 6

Pleas of Guilty ------------------------------- 7

Punishment Recommendation --------------------- 9

Citizenship ----------------------------------- 9

Sentence -------------------------------------- 10

Waive Appeal ---------------------------------- 10

Adjournment ----------------------------------- 13

Court Reporter's Certificate ------------------ 14

## INDEX OF EXHIBITS

| NO. | DESCRIPTION | OFFERED | ADMITTED |
|-----|-------------|---------|----------|
| SX-1 | Judicial Confession, Cause No. 59,876 | 8 | 8 |
| SX-1 | Judicial Confession, Cause No. 59,877 | 8 | 8 |

P-R-O-C-E-E-D-I-N-G-S

(Open court; 9:33 a.m.)

THE COURT: We have two cases scheduled this morning. They are 59,876 and 59,877, The State versus Tavarus Dewayne Curb. State ready?

MRS. McWILLIAMS: We are ready on both, Judge.

THE COURT: All right. Defense ready?

MR. LEWIS: Yes, Your Honor.

THE COURT: Are you Mr. Curb?

THE DEFENDANT: No, Your Honor.

THE COURT: I beg your pardon?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You are? Okay. And how old are you, Mr. Curb?

THE DEFENDANT: Twenty-four.

THE COURT: And how far did you go in school?

THE DEFENDANT: I graduated.

THE COURT: From high school?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And what is the last job that you had, Mr. Curb?

THE DEFENDANT: I was a barber.

THE COURT: A barber?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Have you had time to meet with this

man, Mr. Hollis Lewis?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you talk to him about your case?

THE DEFENDANT: Uh-huh.

THE COURT: Is he your lawyer?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you feel like he's explained everything to you?

THE DEFENDANT: Fantastic.

THE COURT: Okay. Do you understand what you are doing? You are ready for court?

THE DEFENDANT: I am ready.

THE COURT: Okay. Well, I'm going to open up your files here, and it appears from looking in your files that you have been indicted by the grand jury in case number 59,876 for a-- that is an aggravated kidnapping case and that's a first-degree felony. The punishment is not less than 5 years, not more than 99 years, or it could include life and up to a possible $10,000 fine.

You also have a charge in 59,877 of Aggravated Sexual Assault, and that is also a first-degree felony and the punishment range is 5 years to 99 years or life and up to a possible $10,000 fine.

Do you understand these two charges that are against you in these cases?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You have a paper here that says "Wavier of Jury And Agreement to Stipulate Upon A Plea of Guilty." And it has about three pages, and it appears to be signed Tavarus D. Curb, Hollis Lewis, and also by Mrs. McWilliams for the State; basically says that you're mentally competent, that you do understand what you are doing, that you don't want to take anymore time to file anymore papers or have a trial. You don't want to have anymore witnesses or have a jury. Says you just want to make a confession and plead guilty. There is a judicial confession in the file and a plea bargain in the file.

Is this what you want to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right, sir. I will accept your wavier of your rights. And you want to hear the cases together at the same time?

MR. LEWIS: Yes, Your Honor.

THE COURT: All right. And you want to waive your rights and plead guilty and so on in both cases just the same.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. I will accept your wavier of your rights.

And, Mr. Lewis, you have been on the case for

sometime, I take it?

MR. LEWIS: About 11 months, Your Honor.

THE COURT: Really? Okay. Well, you got plenty of time to prepare.

MR. LEWIS: Yes, Your Honor, we have had.

THE COURT: All right. I accept your wavier of your rights.

Mr. Curb, on case number 59,876, which is the aggravated kidnapping, how do you plead, sir? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Okay. On case number 59,877, which is the aggravated sexual assault, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: Are you pleading "guilty" on these two cases freely and voluntarily?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did anybody try to force you or threaten you or promise you anything to get you to plead "guilty"?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you just pleading "guilty" because you are guilty?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you know that the judge can't give you a pardon or anything like that; that you would get your punishment and have to serve your time.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And you know if you wanted to, you could ask for separate trials and ask for separate trials and hearings in these cases instead of having it all just heard at one time?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You agree to that, Mr. Lewis?

MR. LEWIS: Yes, Your Honor.

THE COURT: Okay. All right. Well, I think you understand what you are doing, Mr. Curb. I will accept your pleas of "guilty" to these cases.

MRS. McWILLIAMS: Judge, in each case we would offer the defendant's "Judicial Confession" as State's 1.

MR. LEWIS: No objection.

THE COURT: All right. Mr. Curb, your confessions, signed by you, State's Exhibit No. 1, also signed by the attorneys, admitted against you in evidence in the case, and based on that the evidence is sufficient in each case and I will find you "guilty" of these offenses as alleged.

(State's Exhibit No. 1 in each case admitted.)

Now, having found you "guilty," I have to set your punishment. Your punishment recommendation in each case is 28

years and that appears to be reasonable. I will accept that recommendation.

MRS. McWILLIAMS: Judge, sorry, if I could interrupt.

THE COURT: All right.

MRS. McWILLIAMS: And I will tender the victim impact statement.

THE COURT: Okay, thank you.

MRS. McWILLIAMS: Thank you.

THE COURT: Let me take a look at that. You want to have a seat, Mr. Curb, and let me read this report right quick? (Reading)

Mr. Curb, where were you born, sir?

THE DEFENDANT: I was born in Camden, Arkansas.

THE COURT: In Arkansas?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And, so, you are a United States American citizen.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay, that is good. You can have a seat. I just had to ask you that. (Reading)

Do you have any victim statements or anything you want to make at this time?

MRS. McWILLIAMS: Judge, the only statement that I would make is Mrs. Franklin has talked to the victim on a

number of occasions, and I feel sure that she is in agreement with this plea bargain.

THE COURT: All right.

MR. LEWIS: Your Honor, I can verify that. I was present with Mrs. Franklin when we talked to the victim and that she approved of this deal.

THE COURT: All right. Mr. Curb, you can stand up, again.

Mr. Curb, I am going to assess your punishment in each case at 28 years' confinement in the Texas Department of Criminal Justice, the Institutional Division. You have already served a long time in jail. We will give you credit for all the days you have served in jail and I will sentence you to the 2 terms of 28 years each. They will run concurrently. Do you understand?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And this is a paper that says that you want to waive your right to appeal. You agreed to the 28 years, right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Your lawyer agreed to it, the District Attorney agreed to it, the victim agreed to it, the judge agreed to it so you can't complain if you got the 28 years, can you? That is what you agreed to, right?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Everybody agreed so you got 28 years.

You filed a wavier of appeal. I will accept your wavier of appeal, and I will send you back to the sheriff and they will send you on down to start serving your time. And I hope you won't get in anymore trouble.

THE DEFENDANT: Oh, I won't.

THE COURT: Okay, good luck to you.

(End of proceedings at 9:41 a.m.;

resume at 9:51 a.m.)

Mr. Curb, I forgot to ask you something a minute ago.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Let me call again this case, 59,877, State versus Tavarus Dewayne Curb, Aggravated Sexual Assault. This is the case, Mr. Curb, where you were charged with Aggravated Sexual Assault and I forgot to ask you some questions. I had to bring you back to ask you the questions, okay?

THE DEFENDANT: Uh-huh.

THE COURT: Do you know that if you are convicted of Aggravated Sexual Assault, that in addition to going to prison that you also could have to register as a sex offender?

THE DEFENDANT: I already did in the statement. I read that.

THE COURT: Did you know that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You read it, you say?

THE DEFENDANT: I read it, Your Honor.

THE COURT: You already read that.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did your lawyer explain all that to you about registration as a sex offender?

THE DEFENDANT: He read Chapter 62 to me. He explained it to me.

THE COURT: Did he? Explained it to you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you know that if you don't register as a sex offender like you are supposed to that they can file additional charges on you and that's a new crime of Failure to Register as a Sex Offender?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And you know that the sex offender laws can be changed from time to time, and if they change them, you have to do whatever they say.

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Well, I don't want you to plead "guilty" and I don't want to accept your plea of "guilty" and go through that unless you understand the sex offender laws and what could happen to you there. Do you feel like you do

understand the sex offender laws and what could happen to you there?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. And understanding that, you still want to go through with your plea of "guilty" on the case?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. You know if you wanted to withdraw your plea because you didn't want to register or something, I could let you withdraw your plea at this point because I forgot to tell you that, correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. All right, sir. Well, then, I will go ahead and reaffirm your plea and my acceptance of your pleas and reaffirm the sentence that you have already been assessed just as before. I just wanted to go back and sign this paper about the sex offender because you will get out of prison some day; and, when you get out, you will have to register, and I didn't want you to say the judge didn't tell you about it.

THE DEFENDANT: Yes, sir. I got it.

THE COURT: All right. Mr. Curb, good luck to you, again, sir. You can go.

(Court in recess; 9:53 a.m.)

-----------------------------------------------

3THE STATE OF TEXAS            )

COUNTIES OF BELL-LAMPASAS )

       I, GAYLA R. MAY, Official Court Reporter in uh-huh. and for the 27th District Court of Bell-Lampasas Counties, State of Texas, do hereby certify that the foregoing contains a true and correct transcription of all portions of evidence and other proceedings requested in writing by counsel for the parties to be included in this volume of the Reporter's Record, in the above-styled and numbered cause, all of which occurred in open court or in chambers and were reported by me.

       I further certify that this Reporter's Record of the proceedings truly and correctly reflects the exhibits, if any, offered into evidence.

       I further certify that the total cost for the preparation of this Reporter's Record is $___70⁰⁰___ and was paid/will be paid by ___Tavarus Curb___.

       WITNESS MY OFFICIAL HAND this the __6th__ day of _____April_____, 2015.

GAYLA R. MAY, Texas CSR #2684
Expiration Date:  12/31/15
Official Court Reporter, 27th D/C
Bell-Lampasas Counties, Texas
P. O. Box 747
Belton, TX 76513
(254) 933-5270  FAX (254) 933-5977
gaylarmay@yahoo.com

GAYLA R. MAY, CSR, RPR
27TH JUDICIAL DISTRICT COURT

EXHIBIT – B

264TH District Court'S order in no. 59,876–A





No. <u>59,876-A</u>

EX PARTE                          *

                                  *

                                  *

                                  *

TAVARUS DEWAYNE CURB              *

IN THE 264TH JUDICIAL

DISTRICT COURT OF

BELL COUNTY, TEXAS

FILED 2015 JUL 2 PM 2: 52

## <u>Designation of Issues and</u>
## <u>Order Expanding the Record</u>

Having considered the Applicant's Petition for post-conviction Writ of Habeas

Corpus relief, the State's Answer, and the existing record, the Court finds that **Hollis C.**

**Lewis, Jr.,** was the Applicant's attorney at trial, and to assist the Court in resolving the

allegations in the Applicant's Petition, the Court orders Mr. Lewis, to prepare an affidavit

addressing the following enumerated factual issues:

1.  Whether trial counsel Hollis C. Lewis, Jr., investigated the facts and the law applicable to said facts in the Applicant's case, and discussed both, and possible defenses, with the Applicant;

2.  Whether trial counsel Hollis C. Lewis, Jr., kept the Applicant advised about the status of his case;

3.  Whether trial counsel Hollis C. Lewis, Jr., after receiving a retainer from the Applicant, promised him that he would seek to suppress evidence seized by the police in a warrantless search of the Applicant's home, and take the case to trial;

4.  Whether trial counsel Hollis C. Lewis, Jr., on the Applicant's behalf, negotiated a plea agreement with the State and communicated the State's offer to the Applicant for his review and approval;



5. Any other fact pertinent to the resolution of the issues raised by the allegations in the Applicant's Petition.

Therefore, pursuant to Article 11.07, this Court will resolve the above cited issues and then enter Findings of Fact and Conclusions of Law. The Court further finds that **Mrs. Gayla May**, the Official Court Reporter for the 27th Judicial District Court of Bell County, Texas, was the Court Reporter in attendance at the Applicant's plea of guilty/sentencing hearing held on **April 11, 2007**. The Court directs **Mrs. May** to transcribe the notes of the said hearing, and file the <u>original and one copy</u> with the Clerk of the Court as a Reporter's Record of the proceedings.

The said affidavit from Mr. Lewis and the Reporter's Record should be filed with the Court on or before **Monday, August 24, 2015 @ 5:00 p.m.**

<u>The Clerk is directed to provide the Applicant, Mrs. May, and Assistant District Attorney Sean K. Proctor with signed copies of this Order</u>.

Mr. Proctor is directed to provide Mr. Lewis with a signed copy of this Order, and, if needed, access to the Applicant's District Attorney's Office file.

Signed and entered this the _____ 27TH _____ day of July, 2015.

_____
**JUDGE PRESIDING**
**264TH DISTRICT COURT**
**BELL COUNTY, TEXAS**

EXHIBIT – C

264TH District Court's order in No.59,877–A



No. <u>59,877-A</u>

**EX PARTE**

\*
\*
\*
\*

**TAVARUS DEWAYNE CURB**

\*

IN THE 264TH JUDICIAL

DISTRICT COURT OF

BELL COUNTY, TEXAS

### Designation of Issues and
### Order Expanding the Record

Having considered the Applicant's Petition for post-conviction Writ of Habeas Corpus relief, the State's Answer, and the existing record, the Court finds that **Hollis C. Lewis, Jr.,** was the Applicant's attorney at trial, and to assist the Court in resolving the allegations in the Applicant's Petition, the Court orders Mr. Lewis, to prepare an affidavit addressing the following enumerated factual issues:

1. Whether trial counsel Hollis C. Lewis, Jr., investigated the facts and the law applicable to said facts in the Applicant's case, and discussed both, and possible defenses, with the Applicant;

2. Whether trial counsel Hollis C. Lewis, Jr., kept the Applicant advised about the status of his case;

3. Whether trial counsel Hollis C. Lewis, Jr., after receiving a retainer from the Applicant, promised him that he would seek to suppress evidence seized by the police in a warrantless search of the Applicant's home, and take the case to trial;

4. Whether trial counsel Hollis C. Lewis, Jr., on the Applicant's behalf, negotiated a plea agreement with the State and communicated the State's offer to the Applicant for his review and approval;



5.     Any other fact pertinent to the resolution of the issues raised by the allegations in the Applicant's Petition.

Therefore, pursuant to Article 11.07, this Court will resolve the above cited issues and then enter Findings of Fact and Conclusions of Law.  The Court further finds that **Mrs. Gayla May**, Official Court Reporter for the 27th Judicial District Court of Bell County, Texas, was the Court Reporter in attendance at the Applicant's plea of guilty/sentencing hearing held on **April 11, 2007**.  The Court directs **Mrs. May** to transcribe the notes of the said hearing, and file the original and one copy with the Clerk of the Court as a Reporter's Record of the proceedings.

The said affidavit from Mr. Lewis and the Reporter's Record should be filed with the Court on or before **Monday, August 24, 2015 @ 5:00 p.m.**

The Clerk is directed to provide the Applicant, Mrs. May, and Assistant District Attorney Sean K. Proctor with signed copies of this Order.

Mr. Proctor is directed to provide Mr. Lewis with a signed copy of this Order, and, if needed, access to the Applicant's District Attorney's Office file.

Signed and entered this the _____27^{TH}_____ day of July, 2015.

**JUDGE PRESIDING**
**264TH DISTRICT COURT**
**BELL COUNTY, TEXAS**